# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JOSEPH LEE SLIDER,

       Plaintiff,

  v.                                Civil Action 2:18-cv-255
                                      Judge Michael H. Watson
                                      Magistrate Judge Jolson

CAPTAIN HOWELL, et al,

       Defendants.

## REPORT AND RECOMMENDATION
## AND ORDER

Plaintiff Joseph Lee Slider, a *pro se* prisoner, initiated this action and filed a Motion for Leave to Proceed *in forma pauperis* (Doc. 2) on November 9, 2017, in the United States District Court for the Northern District of Ohio, against Belmont Correctional Institution ("BeCI") Captain Howell, BeCI Case Manager Mr. Ruiz, BeCI Warden Ms. Potter, BeCI Investigator Bungardnel, the BeCI Institutional Inspector (collectively, "the BeCI Defendants"), and various Defendants employed at Mansfield Correctional Institution ("MANCI"). (*See* Doc. 1). All of Plaintiff's allegations stem from physical altercations he allegedly experienced at both BeCI and at MANCI. (*Id.*). On March 23, 2018, United States District Judge Solomon Oliver, Jr. issued a Memorandum of Opinion and Order, dismissing Plaintiff's claims against the MANCI Defendants pursuant to 28 U.S.C. § 1915(e). (Doc. 4). Judge Oliver transferred Plaintiff's remaining claims against the BeCI Defendants to this Court, explaining that those claims occurred at BeCI, which is located in the Southern District of Ohio. (*Id.*).

Consequently, this matter is before the undersigned for consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 3) and the initial screen of Plaintiff's remaining claims against the BeCI Defendants under 28 U.S.C. § 1915(e)(2).

For the reasons that follow, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Furthermore, having performed an initial screen and for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.

I. **MOTION FOR LEAVE TO PROCEED** *IN FORMA PAUPERIS*

Upon consideration of Plaintiff's Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2) (Doc. 3), Plaintiff's Motion is **GRANTED**. Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he has an insufficient amount to pay the full filing fee. (Doc. 3).

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust account at the Madison Correctional Institution is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint. After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00 until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Checks should be made payable to Clerk, United States District Court and should be sent to:

>Prisoner Accounts Receivable
>260 U.S. Courthouse
>85 Marconi Boulevard
>Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

Consequently, it is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## II. INITIAL SCREEN

### A. Relevant Standard

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555). Although *pro se*

complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### B. Plaintiff's Complaint

Plaintiff asserts that his claims "consist of failure to access, due process, 1st Amendment right to redress all grievances, 8th Amendment cruel and unusual punishment, combined with 5th, 6th, and 14th equal protection, - failure to protect claim." (Doc. 1 at 3). The allegations in Plaintiff's Complaint relating to the BeCI Defendants are as follows:

> While at BeCI prison, Slider requested P.C. [protective custody]. Captain Howell and Mr. Ruiz (denied it). They refused to lock up Slider to even investigate the claim. Slider filed (ICR) – sent to Inspector of BeCI, filed with Warden Potter and notified Investigator Bungardenel. –They all refused to act, Slider was assaulted, jaw injury, ribs, face, etc. After that assault they transferred slider to MANCI. Slider tried to continue the (ICR) process, the BeCI Inspector Refused to mail back grievances.

(*Id.* at 5). No dates are provided in the Complaint.

In terms of relief, Plaintiff seeks to have his enemies "properly placed on list," "protection from staff and enemy's [sic]," "the opportunity to complete grievances to fulfill PLRA," and $1,000,000.00 for physical and emotional trauma. (*Id.* at 6). Plaintiff does not specify whether Defendants are sued in their official capacities, individual capacities, or both.

### C. Discussion

As Judge Oliver explained in his Memorandum of Opinion and Order, there is no inherent constitutional right to an effective prison grievance procedure under the First, Fifth, or Fourteenth Amendments. (Doc. 4 at 4 (citing *Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Michigan Dept. of Corr.*, No. 04B1347, 2005 WL 742743, at *3 (6th Cir. Apr. 1, 2005)). Judge Oliver further explained:

> The First Amendment is implicated in the prison grievance process only to the extent that prison officials may not retaliate against a prisoner for filing non-

frivolous grievances. *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010); *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). Plaintiff does not allege any of the Defendants retaliated against him for filing grievances. He asserts that the process itself is ineffective. This, alone, does not state a claim for violation of his constitutional rights.

(Doc. 4 at 4). This Court agrees. Plaintiff has failed to state a claim under the First, Fifth, or Fourteenth Amendments regarding the prison grievance process against the BeCI Defendants.

Consistent with Judge Oliver's Opinion, the undersigned also finds that Plaintiff has failed to allege any facts to suggest a plausible basis for a claim under the Sixth Amendment. (*See id.* at 4–5). Indeed, although the standard of review is liberal for *pro se* pleadings, Plaintiff's Complaint fails to give the BeCI Defendants fair notice of what the Sixth Amendment claims are and the factual grounds upon which they rest to satisfy the minimum pleading requirements under Rule 8. (*Id.* (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008))).

Finally, Plaintiff brings a claim under the Eighth Amendment due to the BeCI Defendants' alleged failure to protect him from other inmates. "To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, Plaintiff must show that the prison officials acted with 'deliberate indifference' to a substantial risk." *Adams v. Louisville Metro Corr. Dep't*, No. 3:13-CV-P1086-S, 2014 WL 1117982, at *4 (W.D. Ky. Mar. 20, 2014) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997); *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001)). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835.

In analyzing deliberate indifference, Plaintiff must satisfy both an objective and subjective component to demonstrate a constitutional violation occurred. *See Richko v. Wayne*

*Cty.*, 819 F.3d 907, 915 (6th Cir. 2016); *Morgan v. Lamneck*, No. 2:09-cv-218, 2011 WL 1114415, at *4 (S.D. Ohio Mar. 24, 2011) (holding that "the test for deliberate indifference contains both a subjective and an objective component"). Looking first at the subjective component, it "requires a showing that prison officials knew of, and acted with deliberate indifference to, an inmate's health or safety." *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010).

Here, Plaintiff has alleged no facts to show that the BeCI Defendants knew Plaintiff was in danger, or that they acted with deliberate indifference to Plaintiff's health or safety. The sum of Plaintiff's allegations to support this claim are:

> While at [BeCI], Slider requested P.C. Captain Howell and Mr. Ruiz. (Denied it). They refused to lock up Slider to even investigate the claim. Slider filed (ICR)—sent to Inspector of [BeCI]., filed with Warden Potter and notified Investigator Bungardnel. They all refused to act. Slider was assaulted, jaw injury, ribs, face, etc.

(Doc. 1 at 5) (grammar and capitalization altered).

Plaintiff thus states that he requested protective custody and wanted officials to investigate "the claim," but provides no information on what "claim" he is referring to, what he told Defendants, or what circumstances led him to fear for his safety. On top of this, Plaintiff fails to identify his alleged assailant, let alone plead that he gave prior notice to prison officials about his assailant. "[I]dentification of a prisoner's enemies is critical to the prison's ability to protect a prisoner because it is the prison officials, not the prisoner, who must determine whether there is a substantial risk of harm that warrants a transfer or other action." *Bogan v. Brunsman*, No. 1:11-CV-259, 2013 U.S. Dist. LEXIS 12416, 2013 WL 360357, at *6 (S.D. Ohio Jan. 30, 2013) *report and recommendation adopted*, No. 1:11CV259, 2013 U.S. Dist. LEXIS 26762, 2013 WL 754262 (S.D. Ohio Feb. 27, 2013). Put another way, a general request for protection is

not enough to trigger eighth amendment liability. *See, e.g.*, *Gant v. Campbell*, 4 F. App'x 254, 256 (6th Cir. 2001) (finding no eighth amendment violation for failure to protect where the plaintiff expressed a general concern about his safety but did not identify any particular gang members whom he feared).

Plaintiff has failed to allege sufficient facts to suggest Defendants were aware of any specific danger to Plaintiff or acted with deliberate indifference to his safety. Even giving Plaintiff every benefit of the doubt, there is no way to read his Complaint as sufficiently supporting an eighth amendment claim against the BeCI Defendants. It is too sparse and too conclusory. Consequently, this claim also fails. *See Gant,* 4 F. App'x at 256 (dismissing eighth amendment claim because the plaintiff "did not allege that the defendants were deliberately indifferent to a specific, known risk to his safety").

### III. CONCLUSION

For the reasons stated, Plaintiff's Motion for Leave to Proceed *in forma pauperis* is **GRANTED**. (Doc 1). Further, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office. The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus. Finally, the Clerk is **DIRECTED** to send a copy of this Order to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with

supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    IT IS SO ORDERED.


Date: April 3, 2018　　　　　　　　　　　　　　　　/s/ Kimberly A. Jolson
　　　　　　　　　　　　　　　　　　　　　　　　KIMBERLY A. JOLSON
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE